IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Ansel O. Belue, | ) | |
| Plaintiff, | ) | Civil Action No.: 7:08-cv-2318-GRA |
| v. | ) | |
| | ) | |
| Aegon USA, Inc., Life Investors | ) | **ORDER** |
| Insurance Company of America, and | ) | |
| Transamerica Life Insurance | ) | |
| Company, | ) | |
| Defendants. | ) | |

The plaintiff brings this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seeking to dismiss defendant Life Investors Insurance Company of America's counterclaim for declaratory judgement.  The plaintiff's action, originally filed on June 24, 2008,  seeks to determine whether the Defendant's change in the measure of index used to calculate the amount of benefits to be paid was wrongful. In their answer, the defendant asserted a counterclaim for a declaratory judgement seeking an adjudication that their conduct was in compliance with the contract.  The plaintiff now seeks to dismiss this motion on the grounds that it is duplicitous of the pleadings offered in response to the complaint.

The counterclaim is brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.  Section 2201 is an  "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Penn-America Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004) (quoting *Wilton v. Seven Falls Co.*, 515

U.S. 277, 287 (1995)).  The Federal Declaratory Judgment Act is "an authorization, not a command." *Public Affairs Assocs., Inc. v. Rickover*, 82 S. Ct. 580, 582 (1962).  Abstention may be particularly appropriate when the claim will serve no useful purpose. *See Wilton v. Seven Falls Co.,* 515 U.S. 277, 288, 115 S.Ct. 2137, 2143 (1995) (stating "If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action.").  Thus when faced with a decision of whether to abstain, the Court should balance the need to adjudicate the claims before it with principles of practicality and prudent judicial administration.  *See id.*, 115 S.Ct. at 2143.

In this instance, justice would be best served by denying the plaintiff's motion and allowing the defendant to pursue his claim for a declaratory judgement.  The plaintiff makes three overlapping arguments as to why the defendant's counterclaim should be dismissed.  First, the defendant argues that the factual and legal issues presented to the court are identical.  Second, the defendant argues that the counterclaim is a "mirror image" of the complaint, and adds nothing.  Finally, the plaintiff argues that the defendant's counterclaim serves no useful purpose.

There are sufficient differences in the between the issues and pleadings to allow the Defendant's counterclaim to survive.  First, as a threshold matter, the defendant's counterclaim makes significantly different factual allegations and thus cannot be deemed a mirror image of the complaint.  Moreover, though the defendant and plaintiff's pleadings generally deal with the same topic, there are sufficient differences

to prevent the dismissal of the defendant's counterclaim at this time. The defendant's motion for declaratory judgement bears the significant difference to the plaintiff's pleadings in that the defendant's motion deals entirely with interpreting the insurance contract.

This different focus highlights why the counterclaim may, if successfully established, serve a useful purpose. Though the defendant's counterclaim and defense assert similar issues, the counterclaim goes has a larger scope, seeking to not only prove that the Plaintiff's interpretation is wrong, but to demonstrate their interpretation is correct. Such a distinction is extremely important. As a district court noted in *Iron Mountain Sec. Storage Corp. v. American Specialty Foods*:

> Defendants would have every right to seek a judgment declaring that Their interpretation of the contract was the correct one. A ruling adverse to plaintiff on plaintiff's claim would merely result in a judgment that plaintiff was not entitled to the relief requested; although it might logically follow from that judgment that defendants' interpretation of the contract was the correct one, defendants would not be entitled to a judgment to that effect unless they specifically requested one.

457 F.Supp. 1158, 1162 (D.C .Pa. 1978). *But see Rayman v. Peoples Sav. Corp.*, 735 F.Supp. 842, 851-852 (N.D.Ill.,1990).

Accordingly, because the defendant's counterclaim seeks not only to defend against the plaintiff's motions, but also to clarify their rights and obligations in similar contracts, allowing this action serves a useful purpose and constitutes a prudent use of judicial resources.

Therefore, the plaintiff's motion to dismiss the counterclaim against the defendant is denied.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

December  23 , 2008